UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     DAVID W. MARTIN | ) | Case No. 05-14587-SSM |
| | ) | Chapter 13 |
|                   Debtor | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY AS TRUSTEE | ) | |
| | ) | |
|                   Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID W. MARTIN *et al.* | ) | |
| | ) | |
|                   Respondents | ) | |

**MEMORANDUM OPINION**

This matter is before the court on the motion of Deutsche Bank National Trust Company for relief from the automatic stay in order to enforce a deed of trust against real property located at 16864 Jed Forest Lane, Woodbridge, Virginia. The debtor's schedules do not list any interest in the property, and neither the chapter 7 trustee (who has filed a report of no distribution) nor the debtor have opposed the motion. The only opposition that has been filed is by the debtor's wife, Anita Cooper, who represents that she and her son, Terrell Lewis Cicero, are the only owners of the property and that she is the only maker of the promissory note secured by the deed of trust. After Ms. Cooper appeared at the preliminary hearing on December 6, 2005, to press her objection, the motion for relief from

1

stay was continued to January 18, 2006, for a final hearing.[1]  Ms. Cooper did not appear at the final hearing, and the court, for reasons stated from the bench, granted the motion.  The purpose of this opinion is to explain more fully, for the benefit of the parties, the reasons for the court's ruling.

The documents attached by Ms. Cooper to her response reflect that title to the property is vested in her and her son, Terrell Lewis Cicero, by deed of gift from herself dated January 18, 2000, and recorded on May 3, 2000, in Deed Book 2887, Page 1995, among the land records of Prince William County, Virginia.  The documents further reflect that the property is subject to a deed of trust dated December 30, 2002, securing New Century Mortgage Corporation repayment of a promissory note in the original principal amount of $148,800.  The deed of trust is signed by Ms. Cooper, Terrell, and the debtor.  The promissory note is signed only by Ms. Cooper, however.  Ms. Cooper has also attached to her response a letter from an entity named HomeEq Servicing (which appears to be the servicing agent for the loan) approving her request for a repayment plan.  The last payment under the arrangement was due December 16, 2005.

At the preliminary hearing, Ms. Cooper explained that when she closed on the loan and advised the settlement agent she was married, she was told her husband had to sign the deed of trust even though he was not on the title to the property.  Presumably, this was done to effect a release of any right he might otherwise have had under Virginia's "augmented estate" system to claim a one-third interest in her estate if she predeceased him.  *See* Va.

---

[1] The movant consented to the final hearing being held more than 30 days after the preliminary hearing.

Code Ann. § 64.1-13 (establishing surviving spouse's right to one-third elective share of decedent spouse's augmented estate) and § 64.1-16.1(B)(i) (excluding from augmented estate "the value of any property transferred by the decedent during marriage with the written consent or joinder of the surviving spouse").  In any event, given that the debtor has as best only an incohate interest in the property and no personal liability on the note, it is far from clear that the noteholder even needs relief from the automatic stay to foreclose, assuming that it is otherwise entitled to do so under state law and the terms of whatever forbearance or workout agreement it may have reached with Ms. Cooper.

The automatic stay bars, among other actions, acts to collect a prepetition liability from the debtor or to enforce a prepetition lien against property of the estate or property of the debtor.  § 362(a)(1), (4), (5), and (6), Bankruptcy Code.  The property here does not appear to be either property of the bankruptcy estate or property of the debtor.  Nor does it appear that the debtor has any personal liability for the promissory note that is secured by the property.  The court can only assume that the movant has requested relief from the automatic stay out of an abundance of caution, since the debtor is a party to the deed of trust and might have to be given notice of any foreclosure sale.[2]

The question is whether relief from the automatic stay should be denied simply because a third party – that is, someone other than the debtor or the representative of the bankruptcy estate – asserts a state law defense to the foreclosure action, as Ms. Cooper has done here.  In a chapter 7 case there is no co-debtor stay (as there would be in a chapter 12

---

[2]  The court notes, however, that the relevant Virginia statute appears to require notice only to the "owner" of the property and subordinate lien creditors.  Va. Code Ann. 55-59.1.

or chapter 13 case).[3]  Moreover, an order granting relief from the automatic stay is not a final adjudication with respect to state law defenses to foreclosure but is simply a determination that the bankruptcy estate has no dog in the fight.[4]  That is the situation here.  The movant advises that the chapter 7 trustee has endorsed an order granting relief from the automatic stay.  Such an order simply dissolves a statutory injunction that arises in favor of the debtor and the bankruptcy estate upon the filing of a bankruptcy petition.  Although termination of the stay allows the noteholder to proceed with foreclosure, it does so only to the extent foreclosure would be permitted outside bankruptcy.  Indeed, since neither the interests of the bankruptcy estate nor any right protected by the Bankruptcy Code are implicated, this court has no jurisdiction to adjudicate Ms. Cooper's defenses and thus no occasion to express any view concerning them.  In any event, since it clearly appears that neither the debtor nor the bankruptcy estate has an interest in the property, relief from the automatic stay is appropriate.  To the extent Ms. Cooper contends there is no right to foreclose because of an agreement between her and the noteholder or the authorized agent, she is free to raise that defense in a state court action to enjoin foreclosure.

     A separate order will be entered granting relief from the automatic stay.

Date: _____    _____
                                                         Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge

---

[3] *See Williford v. Armstrong World Indus.*, 715 F.2d 124, 126 (4th Cir 1983) (automatic stay does not apply to co-debtors); § 1201, Bankruptcy Code (co-debtor stay in chapter 12 case); § 1301, Bankruptcy Code (co-debtor stay in chapter 13 case).

[4] *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26 (1st Cir. 1994) (order granting relief from the automatic stay does not have preclusive effect on claims between the parties).

Copies to:

Gregory N. Britto, Esquire
Shapiro & Burson, LLP
13135 Lee Jackson Highway, #201
Fairfax, VA   22033
Counsel for the movant

David W. Martin
16864 Jed Forest Lane
Woodbridge, VA   22192-5124
Debtor

Michael P. Valois, Esquire
P. O. Drawer A
Occoquan, VA   22125
Counsel for the debtor

Anita Cooper
16864 Jed Forest Lane
Woodbridge, VA   22191

Gordon P. Peyton, Esquire
Redmon Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA   22314